UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHRISTOPHER JAMISON, and all
others similarly situated pursuant to
29 U.S.C. §216(b),

    Plaintiff,

vs.

AMERICAN SECURITY GROUP A-1, INC.
d/b/a A-1 LOCK AND KEY, a Florida
corporation, and MICHAEL NETTLES, an
individual,

    Defendants,
_____/

## COMPLAINT

Plaintiff, CHRISTOPHER JAMISON ("Plaintiff"), on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. §216(b), files the following Complaint against Defendants, AMERICAN SECURITY GROUP A-1, INC. d/b/a A-1 LOCK AND KEY, and MICHAEL NETTLES ("Defendants"), and alleges:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§201-216 (the "FLSA"), as well as Chapter 448.110, Florida Statutes.

2. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. At all times material hereto, Defendant, AMERICAN SECURITY GROUP A-1, INC. d/b/a A-1 LOCK AND KEY ("A-1"), was and is a Florida corporation located within Miami-Dade

County, Florida, and transacting business within Miami-Dade County, Florida, which is located within this District.

4. At all times material hereto, Defendant, MICHAEL NETTLES ("NETTLES"), was and is a resident of this District, operating the Defendant company, A-1, within Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

5. At all times material hereto, upon information and belief, A-1 was the FLSA employer during Plaintiff's relevant period of employment.

6. NETTLES is the corporate officer and/or owner and/or manager or managing member of the Defendant company and runs and has ultimate control and decision making authority over A-1 for the relevant time period, and was responsible for setting and paying Plaintiff's wages for the relevant time period, and had ultimate control and authority over Plaintiff's work and work schedule, and was therefore Plaintiff's employer as defined by 29 U.S.C. §203(d) during the relevant employment period.

7. Defendants' business activities involved those to which the FLSA applies. The Defendants' business and Plaintiff's work for the Defendants affected interstate commerce because the materials and goods used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was in and/or so closely related to interstate commerce while he worked for the Defendants that the FLSA clearly applies to Plaintiff's work for the Defendants in this case.

8. Defendants regularly employed two or more employees during the relevant time period who handled goods or materials similar to those handled by Plaintiff or used the instrumentalities of interstate commerce or the mails, thus making Defendants' business an enterprise covered by the FLSA.

9. Upon information and belief, the Defendants' corporation grossed or did business in excess of $500,000.00 annually during the relevant time period.

10. Plaintiff and all similarly situated individuals' duties involved being dispatched to assist motorists who had become locked out of their vehicles. Plaintiff and all other similarly situated individuals were supplied with the tools of the trade, as well as a vehicle, all of which moved through, and upon the instruments of, interstate commerce.

11. During his working hours, Plaintiff and all similarly situated individuals were required to be on the road in a vehicle assigned by Defendants and prepared to meet stranded motorists when such calls came through. Defendant and all similarly situated individuals were paid a piecemeal rate for each vehicle serviced; in the case of the Plaintiff, the rate was between $3.00-$4.00 per vehicle. This piecemeal rate of pay never covered minimum wage or the required overtime pay during Plaintiff's employment with Defendants.

12. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, and A-1 is headquartered and doing business in Miami-Dade County, Florida.

13. Jurisdiction is proper within the Southern District of Florida pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §§1331 and 1337.

14. Venue is proper within this District pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1391(b).

## COUNT I:
## FEDERAL OVERTIME WAGE LAW VIOLATIONS

15. Plaintiff re-avers and re-alleges Paragraphs 1 through 14 above, as though fully set forth herein.

16. This case is brought as a collective action pursuant to 29 U.S.C. §216(b) inasmuch as, upon information and belief, Defendants have employed numerous other employees, similarly situated to the Plaintiff, who have not been paid overtime for work performed in excess of 40

hours during the time period commencing three years prior to the filing of this Complaint through the date on which this Complaint was filed.

17. 29 U.S.C. §207(a)(1) states, *inter alia*, that "if an employer employs an employee for more than 40 hours in any work week, the employer must compensate the employee for hours in excess of 40 at the rate of at least one and one and half times the employee's regular rate…"

18. Defendants' failure, through today's date, to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional. Defendants knew of the overtime requirements of the Act and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law. Accordingly, Plaintiff is entitled, and specifically requests, liquidated damages in an amount equal to double the unpaid time and a half that is due and owing. Plaintiff further requests all reasonable attorney's fees and litigation costs from the Defendants, jointly and severally, pursuant to the FLSA as cited above, with all amounts set forth hereinabove to be proven at trial, in a trial by jury, and for entry of judgment for such other amounts as this Court deems just and equitable under the circumstances.

19. Further, upon information and belief, Defendants have employed other individuals during the subject time period, and each of these individuals was not paid a full and proper overtime wage as required by Florida and Federal law, and Plaintiff reserves the right to add additional persons to this action plaintiffs, and to move this Court for certification of a collective action.

WHEREFORE, Plaintiff, CHRISTOPHER JAMISON, respectfully requests certification of a collective action of all current and former employees of Defendants, AMERICAN SECURITY GROUP A-1, INC. d/b/a A-1 LOCK AND KEY and MICHAEL NETTLES, and award Plaintiff and the collective double all unpaid overtime wages as provided by the Fair Labor Standards Act, as well as all reasonable attorney's fees and litigation costs from the Defendants,

AMERICAN SECURITY GROUP A-1, INC. d/b/a A-1 LOCK AND KEY and MICHAEL NETTLES, jointly and severally, pursuant to the Fair Labor Standards Act, and judgment for all such other amounts as this Court may deem and equitable under the circumstances.

## COUNT II:
## FEDERAL MINIMUM WAGE VIOLATIONS

20. Plaintiff re-avers and re-alleges Paragraphs 1 through 14 above, as though fully set forth herein.

21. Defendants have failed to pay Plaintiff and all similarly situated individuals a minimum wage as required by federal law, for one or more weeks of work for the Defendants in this case.

22. Defendants were and are well aware for the federal minimum wage requirements, and therefore willfully failed to pay Plaintiff and all similarly situated individuals a minimum wage for one or more weeks of work, in violation of 29 U.S.C. §206.

WHEREFORE, Plaintiff, CHRISTOPHER JAMISON, respectfully requests that this Court certify a collective action of all current and former employees of Defendants, AMERICAN SECURITY GROUP A-1, INC. d/b/a A-1 LOCK AND KEY and MICHAEL NETTLES, who were not paid in conformity with federal minimum wage standards, and award Plaintiff, as well as the collective, double unpaid minimum wages owed by Defendants as provided by the Fair Labor Standards Act, as well as all reasonable attorney's fees and litigation costs, pursuant to the Fair Labor Standards Act, and judgment for all such other amounts as this Court may deem and equitable under the circumstances.

## COUNT II:
## FLORIDA MINIMUM WAGE VIOLATIONS

23. Plaintiff re-avers and re-alleges Paragraphs 1 through 14 above, as though fully set forth herein.

24. Defendants have failed to pay Plaintiff a minimum wage as required by Florida law, for one or more weeks of work for the Defendants in this case.

25. Defendants were and are well aware for the Florida minimum wage requirements, and willfully failed to pay Plaintiff and all similarly situated individuals a minimum wage for one or more weeks of work, in violation, *inter alia*, of the Florida Constitution, Article X, Section 24.

WHEREFORE, Plaintiff, CHRISTOPHER JAMISON, respectfully requests that this Court require Defendants, AMERICAN SECURITY GROUP A-1, INC. d/b/a A-1 LOCK AND KEY and MICHAEL NETTLES, to pay all double unpaid minimum wages owed by Defendants as provided by Florida law, as well as all reasonable attorney's fees and litigation costs, pursuant to Florida law, and judgment for all such other amounts as this Court may deem and equitable under the circumstances.

### JURY TRIAL DEMAND

Plaintiff hereby requests and demands a trial by jury on all such claims.

**DATED** this 21st day of January 2020.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste 500
Boca Raton, Florida 33431
PH:     (954) 745-0588

By: */s/ Nolan K. Klein*
NOLAN K. KLEIN
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com

### VERIFICATION

I hereby swear or affirm that the allegations set forth above are true and correct to the best of my knowledge, information, and belief.

CHRISTOPHER JAMISON

6